Lawrence LANE, On Behalf of Himself, and All Others Similarly Situated, Plaintiff,

v.

Barbara PAGE, Sosimo S. Padilla, Joe S. Chavez, Josie Castillo, Charles V. Pena, Georgia Baca, Troy K. Benavidez, Ray Mares, Jr., Randolph M. Sanchez, Westland Development Company, Inc., SunCal Companies Group, The D.E. Shaw Group, D.E. Shaw & Co. L.P., D.E. Shaw Real Estate Portfolios 1, LLC, ("Desco Real Estate"), D.E. Shaw & Co., LLC, D.E. Shaw & Co., Inc., D.E. Shaw Investment Group, LLC, D.E. Shaw & Co. II, Inc., George Rizk, Anne Dinning, SCC NM Member LLC, SCC Westland Venture LLC, Westland Holdco, Inc, SCC Acquisition Corp, SCC Acquisitions Inc, Westland SPE GP, LLC, Westland Devco, LP, and Westland Devco, LLC, Defendants.

No. CIV 06–1071 JB/ACT.

United States District Court, D. New Mexico.

March 4, 2011.

Joe Kendall, Provost Umphrey Law Firm, LLP, Dallas, TX, Nicholas Koluncich, III, Law Offices of Nicholas Koluncich, Albuquerque, NM, Darren J. Robbins, Brian O. O'Mara, G. Paul Howe, Randall J. Baron, David W. Mitchell, Danielle S. Myers, Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA, for Plaintiffs.

Richard A. Sandoval, Law Offices of Richard A. Sandoval, Albuquerque, NM, for Plaintiff–Intervenor Frank Martin.

Douglas G. Schneebeck, Brian K. Nichols, Modrall Sperling Roehl Harris & Sisk, P.A., Albuquerque, NM, for Defendants Westland Development Company, Inc., SCC Acquisition Corp., and SunCal Companies Group.

Paul Bessette, Jesse Z. Weiss, Kimberly G. Davis, Christopher W. Ahart, Yusuf A. Bajwa, Greenberg Traurig, LLP, Austin, TX, Juan L. Flores, Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A., Albuquerque, NM, for Defendants Barbara Page, Sosimo S. Padilla, Joe E. Chavez, Josie Castillo, Charles V. Pena, Georgia Baca, Troy K. Benavidez, Ray Mares, Jr., and Randolph M. Sanchez.

Mark F. Sheridan, Jacqueline E. Davis, Holland & Hart, LLP, Santa Fe, NM, John D. Lovi, Lara E. Romansic, Michelle M. Oliver, Steptoe & Johnson, LLP, New York, NY, for Defendants D.E. Shaw Group, D.E. Shaw & Co. L.P., D.E. Shaw Real Estate Portfolios 1, LLC, D.E. Shaw & Co. LLC, D.E. Shaw & Co., Inc., D.E. Shaw Investment Group, LLC, D.E. Shaw & Co. II, Inc., George Rizk, and Anne Dinning.

## MEMORANDUM OPINION AND ORDER

JAMES O. BROWNING, District Judge.

**THIS MATTER** comes before the Court on: (i) Plaintiff Lawrence Lane's Motion for Protective Order, filed December 6, 2010 (Doc. 267); (ii) Plaintiff Lawrence Lane's Motion for Protective Order Regarding Depositions of Nicholas Koluncich III, David Mitchell and Darren J. Robbins, filed December 6, 2010 (Doc. 269); (iii) the DESCO Defendants' Motion for Protective Order Prohibiting the Deposition of Anne Dinning, filed January 10, 2011 (Doc. 285); and (iv) the DESCO Defendants' Motion to Strike Plaintiff's Reply in Further Support of Mo-

tion for Protective Order or, in the Alternative, for Leave to File a Surreply, filed February 14, 2011 (Doc. 319). The Court held a hearing on February 17, 2011. The primary issues are: (i) whether the Court should issue a protective order prohibiting the deposition of Plaintiff Lawrence Lane, because the DESCO Defendants'[1] notice was untimely; (ii) whether, pursuant to rule 26(c) of the Federal Rules of Civil Procedure, the Court should issue a protective order prohibiting the depositions of Lane's counsel, Nicholas Koluncich III, David Mitchell and Darren J. Robbins, because the DESCO Defendants' notice was untimely, the DESCO Defendants did not serve proper deposition subpoenas, and the DESCO Defendants have not shown the depositions are necessary; (iii) whether the Court should strike Lanes' Memorandum of Law in Further Support of Motion for Protective Order, filed January 31, 2011 (Doc. 302), or, in the alternative, allow the DESCO Defendants to file a surreply, because Lane advances new argument in his reply; and (iv) whether the Court should issue a protective order prohibiting the deposition DESCO senior executive Anne Dinning, because she has limited relevant knowledge about this matter, which is largely duplicative of other information that Lane has obtained through discovery. For the reasons stated on the record at the hearing: (i) the Court grants Lane's Motion for Protective Order; (ii) the Court grants Lane's Motion for Protective Order Regarding Depositions of Nicholas Koluncich III, David Mitchell and Darren J. Robbins without prejudice to the DESCO Defendants renewing the their request to depose Lane's attorneys after written discovery is exhausted; (iii) the Court denies the DESCO Defendants' Motion to Strike Plaintiff's Reply in Further Support of Motion for Protective Order or, in the Alternative, for Leave to File a Surreply, filed February 14, 2011 (Doc. 319); and (iv) the Court denies the DESCO Defendants' Motion for Protective Order Prohibiting the Deposition of Anne Dinning, and, in accordance with Lane and the DESCO Defendants' agreement at the hearing, Dinning's deposition shall be limited to four hours, and shall be taken in New York, New York at a location of the DESCO Defendants' counsel's choosing.

■ The Court must facilitate bringing this case to a resolution. With so many parties and with so many counsel, both current and former attorneys of record, the Court must enforce discovery deadlines unless there are compelling, good reasons required by the need to promote justice. Here, the Court sees no sound reasons to extend the deadline to allow the DESCO defendants' deposition of Plaintiff Lawrence Lane. The DESCO Defendants had approximately four months to get its discovery done, but they waited until the end of the discovery period to initiate the discovery against Lane, and then made a mistake in the calculation of the time for its notice. The Court might be persuaded to excuse the mistake if necessary to avoid some injustice, but no significant prejudice is present here. There is a deposition of Lane, and while the DESCO Defendants might have asked different questions aimed at their defense, a careful review of the transcript of Lane's deposition suggests that he would be unable to provide helpful answers; some—if not all—of the information the DESCO Defendants seek is likely in the heads of Lane's attorneys, but not in his. In sum, because the discovery against Lane was sought late, is beyond the discovery deadline, and is unlikely to be essential to the DESCO Defendants' defense, the Court will deny the DESCO Defendants' late attempt to conduct discovery against Lane. The Court must help bring this case to an end, and by allowing one party to conduct late discovery, the Court begins to favor one party over another, and give the perception it is putting its thumb on the scales. The Court wants to avoid that perception.

■ The Court has the same concerns about the proposed depositions of Lane's attorneys. Again, the DESCO Defendants did not serve discovery on Lane until late in the discovery process, and the DESCO Defendants concede that these depositions may not

---

1. The "DESCO Defendants" are Defendants D.E. Shaw Group, D.E. Shaw & Co. L.P., D.E. Shaw Real Estate Portfolios 1, L.L.C., D.E. Shaw & Co., L.L.C., D.E. Shaw & Co., Inc., D.E. Shaw Investment Group, LLC, D.E. Shaw & Co. II, Inc., George Rizk, and Anne Dinning.

be necessary. The depositions of the attorneys were set in anticipation of inadequate alternative discovery. At this time, the parties are still negotiating about the adequacy of Lane's discovery, hence the notices are premature. The DESCO Defendants have thus not shown that there are no reasonable alternatives to the deposition of Lane's counsel. Accordingly, because the notices set the depositions beyond the discovery deadline, and because there is no showing that there are no reasonable alternatives to the depositions, the Court will deny the DESCO Defendants' requests for the deposition of Lane's attorneys.

■ There is no need to strike Lane's reply. If the DESCO Defendants want to file a surreply, they may. The Court, however, has held a hearing, and everyone was given all the time they wanted and needed to comment on the Dinning deposition dispute. Accordingly, the Court will deny the motion to strike.

■ The Court does not believe Dinning is an apex employee. She is a named Defendant and had some involvement in the facts of the case; she is not a non-Defendant and/or a high-ranking officer who has no knowledge about the facts of the case. She may have limited memory, but Lane is entitled to test that memory and attempt to refresh that memory. And while what she remembers may be redundant, that is not unusual in discovery. The Court sees no such reason to preclude the Dinning deposition.

IT IS ORDERED that: (i) Plaintiff Lawrence Lane's Motion for Protective Order, filed December 6, 2010 (Doc. 267), is granted; (ii) Plaintiff Lawrence Lane's Motion for Protective Order Regarding Depositions of Nicholas Koluncich III, David Mitchell and Darren J. Robbins, filed December 6, 2010 (Doc. 269), is granted; (iii) the DESCO Defendants' Motion for Protective Order Prohibiting the Deposition of Anne Dinning, filed January 10, 2011 (Doc. 285), is denied; and (iv) the DESCO Defendants' Motion to Strike Plaintiff's Reply in Further Support of Motion for Protective Order or, in the Alternative, for Leave to File a Surreply, filed February 14, 2011 (Doc. 319), is denied.